IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:01cr89-MHT |
| **GLANDER STANFORD** | ) | (WO) |

JUDGMENT

This criminal case against defendant Glander Stanford is before the court on a petition for revocation of supervised release filed on February 14, 2011. The charges contained in the petition constitute a Grade C violation. U.S.S.G. § 7B1.1. The maximum term of imprisonment is five years. 18 U.S.C. § 3583(e)(3). Stanford's criminal history category was determined at the time of sentencing to be III and the applicable range of imprisonment under the advisory guideline is five to 11 months.

The court having found defendant Glander Stanford guilty of both violations in the petition, it is the ORDER, JUDGMENT, and DECREE of the court that the

revocation petition (doc. no. 109) is granted to the extent that defendant Glander Stanford's conditions of supervised release, as imposed on November 30, 2001, are modified as follows:

(1) Defendant Stanford shall participate in the home confinement program (home detention with Active GPS) for a period of six months to begin on February 25, 2011, and continuing until August 24, 2011.  During this period, defendant Stanford shall remain at his place of residence except for employment, substance-abuse treatment, and other necessary activity approved in advance by his probation officer.  At the direction of his probation officer, defendant Stanford shall wear an electronic monitoring device and shall follow electronic procedures specified by the probation officer.  He shall follow all instructions of the probation officer.  He shall pay the costs of electronic monitoring in accordance with his ability to pay.

(2) Defendant Stanford shall participate in a program approved by his probation officer for substance abuse, which may include testing to determine whether he has reverted to the use of drugs.  He shall contribute to the cost of any treatment based on his ability to pay and the availability of third-party payments.

(3) Defendant Stanford shall participate in a program approved by his probation officer for the treatment of mental-health issues.  He shall contribute to the cost of any treatment based on his ability to pay and the availability of third-party payments.

(4) Defendant Stanford shall submit to the search of his person, residence, office, and vehicle pursuant to the search policy of this court.

(5) Defendant Stanford shall provide his probation office access to any requested financial information.

(6) Defendant Stanford shall not incur new credit charges or open additional lines of credit without the

approval of his probation officer unless defendant Stanford is in compliance with the payment schedule.

(7) Defendant Stanford shall refrain from the use and possession of any alcoholic beverage. He shall be subject to remote alcohol monitoring by transdermal alcohol detection as directed by his probation officer. He shall pay the cost of monitoring in accordance with his ability to pay.

DONE, this the 2nd day of March, 2011.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**